UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No. 6:23-CV-00630

IONTIN LIN, individually and as
next friend to his minor children, R.L., G.L., and M.L.;
CRISTINA LIU LIN, individually and as
next friend to her minor children, R.L., G.L., and M.L.,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Merrick P. Garland, in his official capacity;
SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND
SECURITY, Alejandro Mayorkas, in his official capacity;
DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION
SERVICES, Ur M. Jaddou, in his official capacity;
DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION,
Christopher Wray, in his official capacity;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
an agency of the United States;
UNITED STATES DEPARTMENT OF JUSTICE,
an agency of the United States;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
an agency of the United States;
FEDERAL BUREAU OF INVESTIGATION,
an agency of the United States; and
THE UNITED STATES OF AMERICA,

       Defendants.
_____/

### COMPLAINT FOR WRIT OF MANDAMUS, DECLARATORY, AND OTHER RELIEF

COME NOW THE PLAINTIFFS, individually, by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1361, 2201-2202 (2023)

and 5 U.S.C. § 702 et seq., (2023) and file this their complaint for a writ of mandamus, Administrative Procedures Act, and declaratory relief against the named defendants. In support thereof, Plaintiffs respectfully submit as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs seek through this action to compel Defendants and those acting under them to take all appropriate action to complete the adjudication of their Form I-829 Petitions by Entrepreneur to Removal Conditional Basis of Lawful Permanent Resident Status without further delay.

2. Plaintiff IONTIN LIN ("LIN") is a Brazilian investor-entrepreneur who invested over $500,000.00 (Five Hundred Thousand and 00/100 U.S. Dollars) in the United States through the EB-5 Regional Center Program. On 23 JULY 2015, LIN filed a Form I-526 Immigrant Petition by Alien Entrepreneur with the United States Citizenship and Immigration Services (USCIS) (hereinafter, the "EB-5 Petition").

3. On 8 August 2017, after thoroughly confirming LIN's eligibility, including the wholly legitimate source of the investment funds, USCIS approved the EB-5 Petition and subsequently issued Conditional Lawful Permanent U.S. Resident status LIN and his derivative spouse, Plaintiff CRISTINA LIU LIN ("LIU LIN"), and derivative minor children, R.L., G.L., and M.L.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

4. As required by law, on 2 January 2020, prior to the expiration of her Conditional Lawful Permanent U.S. Resident status, Plaintiff LIN timely and accurately filed her Form I-829 Petitions by Investor to Remove Conditions on Conditional Resident Status with USCIS. Derivative Form I-829 petitions were also filed on 2 January 2020 for LIU LIN, as LIN's derivative spouse, and for R.L., G.L., and M.L., as LIN's derivative children.

5. As of the date of the filing of this Complaint, there has been no decision on LIN's Form I-829 petition nor, by extension, on the Form I-829 petitions of his derivative spouse and minor children, LIU LIN, R.L., G.L., and M.L. These Form I-829 petitions remain within the jurisdiction of Defendants, whose over <u>39-month delay</u> in adjudicating said petitions is wholly unreasonable and has caused detriment to Plaintiffs in a myriad of ways.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1361 in the nature of mandamus for want of a remedy ("[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). In *Patel v. Reno*, 134 F. 3D 929 (9th Cir. 1997), the Ninth Circuit held that there is mandamus jurisdiction to compel a consular officer to make a decision on a visa application.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

7. Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

8. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedures Act ("APA"). *Trudeau v.* FTC, 456 F.3fd 178, 185 (D.C. Cir. 2006) (finding that the district courts have jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review a complaint for declaratory and injunctive relief against a federal agency). Defendants DHS and USCIS are subject to the APA, which requires the agencies to carry out their duties within a reasonable time. Section 555(b) provides that '[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it. *See id.* (emphasis added). When a statute is silent as to an actual deadline for a federal agency to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999). As set forth below, the delay in adjudicating Plaintiffs' properly filed immigrant visa applications is unreasonable.

9. Additionally, as set forth in the well-reasoned analysis of *De Donado v. Swacina*, 486 F. Supp. 2d 1360 (S.D. Fla. 2007), this Court has the power to either: (1) hear the merits of a petitioner's immigration-related application or (2) remand the case to USCIS for further proceedings.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

10. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) as this is an action against federal agencies and U.S. officers in their official capacity that is brought in the federal district where Plaintiffs reside or where a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred.

## EXHAUSTION OF REMEDIES

1. Plaintiffs lack any statutory, regulatory, or administrative remedy of mandate for the purposes of 5 U.S.C. § 706(1) and this suit is therefore properly filed and all conditions precedent to the filing of this action have been met. Plaintiffs are owed a duty — the adjudication without unreasonable delay of the Form I-829 petitions, determining the permanency of their status in the United States. Defendants have unreasonably delayed and failed to adjudicate LIN's Form I-829 petition for over three (3) years, and the adjudication of her derivatives' Form I-829 petitions depends on the adjudication of her principal petition. Plaintiffs have no other adequate remedy available to them for the harm they seek to redress — Defendants' failure to issue a decision on their Form I-829 petitions.

## PARTIES

1. Plaintiff IONTIN LIN is a native and citizen of Brazil. He is currently residing in Windermere, Orange County, Florida, in the Middle District of Florida, and has resided in Windermere, Orange County, Florida, in the Middle District of Florida, at all times relevant to this Complaint. He is an investor-

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

entrepreneur and, based on his substantial investment of over $500,0000 (Five Hundred Thousand and 00/100 U.S. Dollars) in the United States, was granted EB-5 status as the principal investor and is currently a conditional permanent U.S. resident. LIN is entitled to removal of this condition on is permanent resident status. LIN files this action in his individual capacity and as Next Friend to his minor children, R.L., G.L., and M.L.

2.  Plaintiff CRISTINA LIU LIN ("LIU LIN") is a native and citizen of Brazil. She currently resides in Windermere, Orange County, Florida, in the Middle District of Florida, and has resided in Windermere, Orange County, Florida, in the Middle District of Florida, at all times relevant to this Complaint. LIU LIN is LIN's spouse, and she has been married to LIN at all times relevant to this action. LIU LIN is entitled to the removal of the conditions on his permanent resident status concurrently with LIN as her derivative spouse. LIU LIN files this action in her individual capacity and as Next Friend to her minor children, R.L., G.L., and M.L.

3.  R.L., G.L., and M.L. are LIN and LIU LIN's minor children and also natives and citizens of Brazil. R.L., G.L., and M.L. reside with LIN and LIU LIN in Windermere, Orange County, Florida, in the Middle District of Florida. R.L., G.L., and M.L are entitled to the removal of the conditions on their permanent resident status concurrently with LIN as his derivative children.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

4. Defendant ATTORNEY GENERAL OF THE UNITED STATES, Merrick P. Garland ("GARLAND"), is sued in his official capacity only. As U.S. Attorney General, GARLAND is charged with interpreting and enforcing the laws governing immigration and naturalization, and in that capacity has final authority over the practices and procedures challenged herein. As U.S. Attorney General, GARLAND has final authority over Defendant United States Department of Justice as well as the delegation of immigration functions to Defendant United States Department of Homeland Security.

5. Defendant SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Alejandro Mayorkas ("MAYORKAS"), is sued in his individual capacity only. Defendant MAYORKAS was appointed to his position by the President with the advice and consent of the Senate and in the President's chief security officer. As Secretary of Homeland Security, MAYORKAS oversees the operations of the agency tasked with ensuring public safety in the United States.

6. Defendant DIRECTOR OF THE UNITED STATES IMMIGRATION AND CITIZENSHIP SERVICES, Ur M. Jaddou ("JADDOU") is sued in her official capacity only. As Director, JADDOU is designated by law to oversee his agency's processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other adjudicative decisions.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

7. Defendant DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION, Christopher Wray ("WRAY"), is sued in his official capacity only. As FBI Director, WRAY is the head of the federal agency in charge of conducting background checks for foreign nationals in connection with their applications for immigration benefits.

8. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS) is the federal executive department that oversees public security in the United States, including in the area of immigration and customs. DHS operates within this District and is headquartered in Washington, D.C.

9. Defendant UNITED STATES DEPARTMENT OF JUSTICE (the "DOJ") is the federal executive department tasked with the enforcement if federal law and administration of justice in the United States, including in the area of immigration and customs. The DOJ operates within this District and is headquartered in Washington, D.C.

10. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is a subordinate agency of DHS and it handles the administration of processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other adjudicative decisions for immigration benefits from within the United States. USCIS operates within this District and is headquartered in Washington, D.C.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

11. Defendant FEDERAL BUREAU OF INVESTIGATION (the "FBI") is the federal executive agency the agency in charge of conducting background checks for foreign nationals in connection with their applications for immigration benefits. The FBI operates within this District and is headquartered in Washington, D.C.

## FACTUAL ALLEGATIONS

12. Plaintiff LIN is an investor and entrepreneur who invested over $500,000 (Five Hundred Thousand and 000/100 U.S. Dollars) in at-risk capital in CMB Texas, LLC (hereinafter, "CPB-TX") an EB-5 Immigrant Investor Regional Center designated by the U.S. Department of Homeland Security (DHS) for participation in USCIS' EB-5 Immigrant Investor Program. EB-5 Immigrant Investor Regional Centers are involved with promoting economic growth in the United States.

13. The job-creating projects within CPB-TX to which LIN's investment were multi-family residential developments in Dallas, Texas.

14. On 23 July 2015, based on said substantial investment, LIN filed a Form I-526, Immigrant Petition by Alien Entrepreneur with USCIS, which was assigned Receipt Number WAC15-904-87135 and was approved on 8 August 2017.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

15. Following approval of said Form I-526 petition, the Plaintiffs were approved for adjustment of status. Each Plaintiff was issued a Form I-551 Conditional U.S. Permanent Resident Card (hereinafter, "Conditional LPR Card") which reflect a 6 February 2020 expiration date. True and correct redacted copies of the Conditional LPR Cards for Plaintiffs and their Minor Children are attached hereto as **Exhibit A** and are incorporated herein by reference.

16. In accordance with 8 C.F.R. § 216.6, on 2 January 2020, prior to the expiration of her Conditional LPR status, Plaintiff LIN timely filed his Form I-829 petition with USCIS, which petition was assigned Receipt Number WAC20-900-47700 and remains pending.

17. Also on 2 January 2020, LIU LIN, R.L., G.L., and M.L filed their Form I-829 petitions as LIN's derivative spouse and children, which petitions were assigned Receipt Numbers WAC20-080-50033 (LIU LIN), WAC20-080-50030 (R.L.), WAC20-080-50031 (G.L.), and WAC20-080-50032 (M.L.). These petitions also remain pending.

18. LIN paid a total of $3,920.00 (Three Thousand Nine Hundred Twenty and 00/100 U.S. Dollars) to Defendant DHS in government filing fees for these Form I-829 petitions.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

19.     True and correct redacted copies of Plaintiffs' and their children's corresponding Form I-829 receipt notices are attached hereto as **Exhibit B** and are incorporated herein by reference.

20.     Plaintiffs' Conditional LPR Cards and those of their children expired on 6 February 2020. USCIS does not issue a new Form I-551 LPR Card with an updated expiration date upon the filing of a Form I-829 petition. Instead, I-829 petitioners must present their expired Conditional LPR Card or temporary I-551 passport stamp along with a copy of the Form I-829 receipt notice in order to prove legal status.

21.     As such, while they each remain in Conditional LPR status while their timely-filed Form I-829 petitions remain pending, none of the Plaintiffs have an unexpired LPR Cards to show as evidence of their legal status and their authorization to live, work, and study in the United States.

22.     Plaintiffs, through their attorney, have made numerous periodic inquiries of USCIS regarding the status of the processing of the Form I-829 petitions, but have received no response other than the fact that the petitions remain pending. Further, there are no pending Requests for Evidence issued by USCIS in connection with any of said petitions.

23.     LIN invested over $500,000.00 U.S. Dollars in the United States, to the substantial economic benefit of the United States, with the

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

expectation that the Form I-829 petitions filed by him and his derivative spouse and children would be adjudicated within a reasonable time frame, so that the family would be able to live permanently to the United States as Lawful Permanent U.S. Residents without conditions.

24. LIN's decision to make this substantial investment was based, in large part, on his desire to move his family out of his home country of Brazil, where the family was no longer safe. Brazil currently has among the highest murder and violent crime rates in the world. In Brazil, affluent individuals such as Plaintiffs and their children are constant targets for violent robberies and kidnappings.

25. As of the date of the filing of this Complaint, biometrics have been duly taken for both Plaintiffs, and no Request for Evidence have been issued in connection with either Plaintiff's Form I-829 petition. As of the date of the filing of this Complaint, Plaintiffs have spent over <u>39 months</u> waiting for their Form I-829 petitions to be decided. The derivative I-829 petitions cannot be decided until LIN's Form I-829 petition is adjudicated.

26. Plaintiffs have been greatly prejudiced by the unfair delay in the processing of their Form I-829 petitions. These prejudices to Plaintiffs include, but are not limited to:

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

a. An inability to clearly and easily demonstrate lawful status and employment authorization to potential business partners;

b. An inability to clearly and easily demonstrate lawful status to law enforcement;

c. Long delays while travelling internationally or transiting through the United States, as Plaintiffs, due to their expired Permanent Resident cards and pending Form I-829 petitions, are referred to Secondary Inspection, where they are forced to wait for hours while United States Customs and Border Protection officers verify their legal immigration status;

d. Difficulties in proving legal status when registering the minor children for school;

e. An inability to naturalize as United States citizens until the conditions on their LPR status are removed;

f. An inability to access certain investment opportunities due to their pending immigration status;

g. An inability to withdraw the EB-5 investment funds until the conditions on their LPR status are removed;

h. Ineligibility for naturalization and United States citizens; and

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

  i. Plaintiffs' uncertainty as to their ultimate ability to remain in the United States, preventing Plaintiffs from making firm plans for their future.

27. As of the date of the filing of this Complaint, Defendant USCIS' Immigrant Investor Program Office lists **66.5 months** as its average estimated processing time for Form I-829 petitions, which Plaintiffs refuse to accept as objectively reasonable. A screen capture of USCIS' online case processing time tool is attached hereto as **Exhibit C** and is incorporated herein by reference.

28. In accordance with 8 C.F.R. 216.6(a)(4), Plaintiffs have provided Defendant USCIS with ample evidence of their eligibility for the approval of their Form I-829 petitions and the concordant removal of the conditions on their LPR status.

29. Plaintiff LIN has, in good faith, substantially met the capital investment requirement of the statute and continuously maintained his capital investment over the two years of conditional residence.

30. Further, neither Plaintiff has a criminal record anywhere in the world. Neither Plaintiff is involved in any political activities, and neither Plaintiff is involved in any environmental litigation, tax claims, or domestic violence disputes in the United States, Brazil, or elsewhere.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

31. Plaintiffs file this lawsuit to demand prompt adjudication of their long-pending Form I-829 petitions, so that they can properly plan for their family's future, including making the appropriate living and employment arrangements.

### FIRST CAUSE OF ACTION (Mandamus Act)
### 28 U.S.C. § 1361
### Against all Defendants

32. Plaintiffs bring this action under the Mandamus Act, 28 U.S.C. § 1361 (2023), as to all Defendants.

33. The Mandamus Act provides that the district courts retain original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

34. In the present case, LIU paid a total of $$3,920.00 in filing fees to Defendant DHS upon filing the Form I-829 petitions for himself and his derivatives, *see* ¶ 18, *supra*, creating a duty in Defendants to complete the adjudication of the Form I-829 petitions within a reasonable time.

35. While Plaintiffs concede that they have no right to the approval of their Form I-829 petitions, Defendants owe Plaintiffs a duty to adjudicate their said petitions within a reasonable time.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

36. Defendants' delay in rendering a decision on said petitions is unreasonable and Plaintiffs are entitled to mandamus relief to compel Defendants to adjudicate their cases.

37. Plaintiffs seek a writ of mandamus to compel USCIS to comply with its duty to promptly adjudicate the Plaintiffs' Form I-829 petitions within 45 days of this Court's order.

## **SECOND CAUSE OF ACTION (Administrative Procedures Act)**
## **5 U.S.C. § 706**
## **Against all Defendants**

38. Plaintiffs bring this action under the Administrative Procedures Act, 5 U.S.C. § 706 (2023) (the "APA"), as to all Defendants.

39. The APA provides that any person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. The APA specifically provides relief for a *failure* to act, in that the reviewing court shall compel the agency action that was unlawfully withheld or unreasonably delayed.

40. In the present case, LIN and his derivative spouse and children have been adversely affected by the Defendants' failure to act. *See* ¶ 26 (a) – (i), *supra*.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

41. Defendants' failure to complete the processing of, and adjudicate, Plaintiffs' and their minor children's Form I-829 petitions constitutes an unreasonable failure to act in violation of the Administrative Procedures Act and denies the due process to which Plaintiffs are legally entitled.

42. Plaintiffs seek a determination from this Court that Defendants violated the APA in their failure to act, which has adversely affected the Plaintiffs and their derivative children. Plaintiffs further requests that this Court exercise its authority under the APA and compel Defendants to complete their processing of the subject Form I-829 petitions and adjudicate them.

**THIRD CAUSE OF ACTION (Declaratory Judgment)**
**28 U.S.C. §§ 2201-2202**
**As to Defendants JADDOU, MAYORKAS, DHS, and USCIS**

43. Plaintiffs bring this action for relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2023), as to Defendants JADDOU, MAYORKAS, DHS, and USCIS.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

44. The Declaratory Judgment Act permits federal court litigants to seek a judgment from the district courts to declare an action unconstitutional or illegal. No adequate remedy at law exists for the Plaintiffs. Plaintiffs have been denied their constitutional due process rights to a prompt adjudication of their petitions.

45. A government official possesses no official capacity when acting illegally, and such official can thus derive no protection from an unlawful or unconstitutional action.

46. As noted in ¶ 22, *supra*, Defendants have requested no additional information or evidence from Plaintiffs in connection with any of the subject Form I-829 petitions, nor have Defendants provided an explanation for the delay in response to Plaintiffs' inquiries. This delay is arbitrary, capricious, an abuse of discretion, or otherwise unlawful.

47. As noted ¶ 27, *supra*, and in Exhibit C, Defendant USCIS currently reports 66.5 months as its average processing time for Form I-829 petitions, which is objectively unreasonable.

48. Plaintiffs seek an order from this Court as to Defendants JADDOU, MAYORKAS, DHS, and USCIS, declaring their failure to issue a decision Plaintiffs' and their minor children's Form I-829 petitions to be an unreasonable failure to act in violation of the Administrative Procedures Act.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant them the following relief:

A. Order Defendants to adjudicate Plaintiffs' Form I-829 petitions **on or before 45 days from the issuance of this Court's order**, or within a reasonable period of time as determined by the Court.

B. Retain jurisdiction during the adjudication of said petitions in order to secure compliance with the Court's orders.

C. Award reasonable costs and attorney's fees to Plaintiffs; and

D. Grant other such relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Kristin Figueroa-Contreras*

Kristin D. Figueroa-Contreras, Esq., B.C.S.
Board Certified in Immigration & Nationality Law
Florida Bar No. 643394
FIGUEROA-CONTRERAS LAW GROUP, PLLC
2030 S. Douglas Road, Suite 204
Coral Gables, FL 33134
Telephone: 305-639-8599
Facsimile: 305-397-1384
E-mail: kristy@figueroa-law.com
Counsel for Plaintiffs

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*